UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| COLLINS OFOEGBU, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. H-09-505 |
| § | |
| ADMIRAL INSURANCE COMPANY, *et al*, § | |
| § | |
| Defendants. § | |

## **OPINION AND ORDER**

Pending before the Court is Counter Claimant Industrial Alliance Pacific Insurance and Financial Services, Inc.'s ("Industrial") Motion for Summary Judgment on its Counter Claim Against Counter Defendants, the original Plaintiffs, Collins Ofoegbu and Nnenna Ofoegbu (Doc. 82), as well as Plaintiffs Collins Ofoegbu and Nnenna Ofoegbu's Response (Doc. 92) and Industrial's Reply (Doc. 93). Upon review and consideration of this motion, the relevant legal authority, and for the reasons explained below, the Court finds that Industrial's motion for summary judgment should be granted.

I. Background and Relevant Facts

This is a breach of contract case. On July 13, 1995, Gables Estates Corporation made, executed and delivered a Note to The North West Life Assurance Company of Canada in the amount of $1,150,000.00 (Doc. 82 at 1.) That Note was modified and extended by agreements dated July 15, 2000 and July 15, 2005. (*Id.*) On August 10, 2005, Ham-Westwood Apartments, Ltd. made, executed and delivered a Note to Industrial-Alliance Pacific Life Insurance Company in the amount of $1,755,500.00. (*Id.*) Both Notes, as modified and extended, were assumed by Plaintiffs Collins and Nnenna Ofoegbu pursuant to the Loan Assumption and Ratification Agreement dated April 6, 2006. (*Id.*) Both Notes matured in July 2010. (*Id.*)

On May 21, 2007, Collins and Nnenna Ofoegbu entered into an insurance policy with Admiral Insurance Company ("Admiral"), insuring the property located at 5600 Holly View Drive, Houston, Texas. (Doc. 32 at ¶¶ 12–13.) The policy premium was paid in full by a finance company, Premium Financing Specialists of California, Inc. ("PFS"). (*Id.*) Plaintiffs were to make monthly payments to PFS towards the premium loan. (*Id.*) When Plaintiffs failed to pay PFS, PFS asked Admiral to cancel the policy for nonpayment, and the policy was cancelled on September 17, 2007. (*Id.* at ¶¶ 17–18.) Industrial is the mortgage holder of the property. (Doc. 22 at 2.) On November 8, 2007, the Ofoegbus' apartment complex was damaged in a fire. (Doc. 32 at ¶ 18; Doc. 41 at 3.)

Plaintiffs filed suit on November 25, 2008, in the 295th Judicial District Court of Harris County, Texas, in the case styled *Collins Ofoegbu, et al. v. Burns & Wilcox, Ltd, et al.*, Cause No. 2008-70637. On February 19, 2009, Defendant Admiral removed the case to this Court on the basis of diversity, pursuant to 28 U.S.C. § 1332(a). (Doc. 1.) On July 16, 2009, Industrial filed a counterclaim against Plaintiffs Collins and Nnenna Ofoegbu for outstanding loan balances of $2,948,270.98 and attorney's fees. (Doc. 22 at 2.) From the docket, it appears that Plaintiffs failed to answer Industrial's counterclaim. Plaintiffs later settled their claims against Defendants PFS (Doc. 71), Fred Sabbe and Sabbe & Associates, Inc. (Doc. 74). Admiral and Burns & Wilcox, Ltd (Doc. 81), and Industrial (Doc. 88). Admiral dismissed its cross claims against PFS (Doc. 75) and Industrial dismissed its cross claims against Admiral (Doc. 79). Industrial now moves for summary judgment on its counterclaim. (Doc. 82.)

II. Legal Standard for Summary Judgment

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and

Case 4:09-cv-00505   Document 94   Filed in TXSD on 01/12/11   Page 3 of 7

admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v.*

*Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of N. Tex., P.A.*, 139 F.3d 532, 536 (5th Cir. 1998) (overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 (2006)). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Tex. Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle*

*South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). There is a "genuine" issue of material fact if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form. *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1988).

III. Discussion

The elements of a claim for breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach. *Abraxas Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 758 (Tex. App.—El Paso 2000, no pet.); *Prudential Securities, Inc. v. Haugland*, 973 S.W.2d 394, 396 (Tex . App.—El Paso 1998, pet. denied). Suits on promissory notes are appropriate to be decided by a properly supported motion for summary judgment. *F.D.I.C. v. Cardinal Oil Well Servicing Co.*, 837 F.2s 1369, 1371 (5th Cir. 1988). The affidavit of Murray Brown, senior director of mortgage and real estate investments at Industrial, presents uncontroverted evidence of the Ofoegbus' obligations under the Notes satisfying the four elements for breach of contract. (Doc. 82-1.) Once the movant carries its burden, the burden shifts to the non-movant to show that the movant should not be granted summary judgment. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). The Ofoegbus fail to satisfy their burden of raising a genuine issue of material fact for trial regarding

liability for breach of contract.

IV. <u>Conclusion</u>

Accordingly, the Court hereby ORDERS that Counter Claimant Industrial Alliance Pacific Insurance and Financial Services, Inc.'s Motion for Summary Judgment on its Counter Claim Against Counter Defendants Collins Ofoegbu and Nnenna Ofoegbu (Doc. 82) is GRANTED.

The Court further ORDERS that Industrial recover judgment against Counter Defendants Collins Ofoegbu and Nnenna Ofoegbu, jointly and severally, with regard to the July 13, 1995 Note, the principal amount of $839,349.96, accrued unpaid interest of $124,074.31 from November 15, 2007 to November 8, 2010 calculated at an interest rate of 4.95%, late charges of $13,027.00, *ad valorem* tax payments advanced by Industrial of $246,568.94, $76,821.00 to secure the collateral from entry, $5000.00 to appraise the collateral, minus a suspended account credit of $10.00, per diem interest of $113.83 (at 4.95%) from November 9, 2010 until the date of judgment, and post judgment interest on the principal balance of $839,349.96 at the Note rate of 4.95%.

The Court further ORDERS that Industrial recover judgment against Counter Defendants Collins Ofoegbu and Nnenna Ofoegbu, jointly and severally, with regard to the August 10, 2005 Note, judgment in the principal amount of $1,670.859.32, less credit for insurance proceeds of $825,000.00 applied on August 4, 2010, accrued unpaid interest of $236,248.81 from November 15, 2007 to November 8, 2010 calculated at an interest rate of 4.95%, late charges of $17,869.95, together with per diem interest of $114.71 (at 4.95%) from November 9, 2010 until the date of judgment, and post judgment interest on the principal balance of $845,859.32 at the Note rate of 4.95%.

The Court finds there is a disputed issue of material fact with regard to Industrial's claim for attorney's fees. Specifically, the sum total of the evidence offered by Industrial in support of its claim for attorney's fees is the affidavit of Eric Gould, who states that "[a]s of the date of this Affidavit, attorneys' fees and costs for services relating to the defense of the lawsuit filed by the Ofoegbus and the prosecution of the Counter Claim by Industrial Alliance is at least $43,531,31." (Doc. 82-2.) However, in the event "the Court finds that there is a disputed issue of material fact only with regard to Industrial's claim for attorney's fees, Industrial agrees to waive its claim for such fees for the sole purpose of resolving this litigation at the summary judgment stage." (Doc. 93 at 2.) Industrial's claim for attorney's fees is therefore deemed WAIVED.

SIGNED at Houston, Texas, this 12th day of January, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE